UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Cause No. 2:14-cr-63 |
| GEORGE GASICH and BARBARA GASICH, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before me on two motions by Barbara and George Gasich: (1) their motion to dismiss for lack of personal jurisdiction, made in their Notice of Objection and Demand to Dismiss for Lack of Knowledgeable Voluntary In Personam Jurisdiction by the Court Over George and Barbara Gasich (DE 145) and alluded to in many other documents (*see, e.g.*, DE 128–DE 134, DE 151); and (2) their motion for a "*Baker v. Carr* hearing," made orally in court on February 9, 2016 (DE 144 at 26:10–18). Both motions are denied.

In 2014, the Gasiches were indicted on several charges related to false claims they made to the IRS in conjunction with the filing of their 2007 taxes (DE 1.). On October 21, 2015, each of them pleaded guilty to one count of making and presenting a claim for payment of a fraudulent tax refund, knowing that the claim was false, fictitious, and fraudulent. (DE 104; DE 105.) Neither had the benefit of a plea agreement with the government, and the remaining counts of the indictment were held in abeyance until

1

the sentencing hearing originally scheduled on January 15, 2016. (DE 102.)

Almost from the beginning, the Gasiches have asserted in various ways and at various times that they do not believe that this court has personal jurisdiction over them. (*See, e.g.,* DE 9 (Challenge to Jurisdiction); DE 15 (docket entry noting that defendants would not plead until jurisdiction was proven); DE 23 (Motion to Dismiss Due to Lack of Bona Fide Limited Federal Territorial Jurisdiction Ab Initio).) Although I have already considered and rejected the argument (*see* DE 24), the Gasiches insist on raising it again. (*See, e.g.,* DE 128 at 2 ("BY WHAT PRESUMPTION DOES THE UNITED STATES HAVE OR USE . . . TO OBTAIN A KNOWLEDGEABLE VOLUNTARY IN PERSONAM JURISDICTION OVER OURSELVES?") (emphasis in original); DE 131 at ¶ 10 ("I do not consent to and am not subject to the jurisdiction of the United States of America."); DE 132 at ¶ 10; DE 144 at 23:19–22 ("Yes, I understand what you are saying, and if, you know, we did – would fall into that jurisdiction, I could see where paying attention to that would matter."); DE 145 at 2 ("[T]he Court lacks knowledgeable and voluntary in personam jurisdiction over George and Barbara Gasich[.]").)

As I explained more than a year and a half ago:

> The Defendants are not exempt from federal law. Article I, Section 8 of the Constitution empowers Congress to create, define, and punish crimes, irrespective of where they are committed. Article I, Section 8 and the Sixteenth Amendment also empower Congress to create and provide for the administration of an income tax. And the statute under which defendants are charged, 18 U.S.C. § 287, plainly falls within that authority. Finally, this Court has jurisdiction. Congress has given the United States District Court exclusive jurisdiction over all offenses against the laws of the United States. That

> jurisdiction is not limited to crimes which occur on federally owned property, nor is a state's permission needed for federal prosecution.

(DE 24 at 3 (citations omitted) (denying Motion to Dismiss Due to Lack of Bona Fide Limited Federal Territorial Jurisdiction Ab Initio (DE 23).) I see no reason to change my prior decision (and, to the contrary, the Gasiches have now pleaded guilty on the merits). Accordingly, my previous order stands, and the Gasiches motion to dismiss for lack of personal jurisdiction is denied.

### *Baker v. Carr* Hearing

At the status hearing on February 9, 2016, Mrs. Gasich requested a "*Baker v. Carr* hearing." (DE 144 at 26:10–18.) I have to admit that I was flummoxed by the request. I'd never heard of such a thing. At the hearing Mrs Gasich told me that "the Supreme Court does demand that we schedule [a] *Baker v. Carr*[] hearing to determine the political issues here that have been stated forth with these verified documents[.]" (DE 144 at 12:25–13:7; *see also* DE 144 at 26:10–16.) So I scurried to the books to see what I missed. Is there such a thing as a right to a "*Baker v. Carr* hearing" in the context of federal prosecution for making false claims to the Internal Revenue Service? The answer is no.

*Baker v. Carr* was a suit brought against the Tennessee Secretary of State alleging that the state's failure to redistrict based upon the most recent census figures diluted the votes of some citizens, thereby denying them equal protection of the laws under the Fourteenth Amendment of the U.S. Constitution. *Baker v. Carr*, 369 U.S. 186, 187–88

(1962). The district court had dismissed the suit for lack of subject matter jurisdiction and because the case presented a "political question"—that is, a question that cannot and/or should not be resolved by the courts. *Id.* at 188. The U.S. Supreme Court disagreed and reversed, and in doing so used the words that Mrs. Gasich now grasps at: "they [i.e., the plaintiffs] are entitled to a hearing and to the District Court's decision on their claims." *Id.* at 208. The problem is that, by using those words, the Court did not create an affirmative right to a hearing for anyone other than the appellants; instead it was merely saying that the case had been wrongly dismissed and needed to be taken up again by the district court. Neither that statement—nor anything else in the *Baker v. Carr* opinion—has any relevance to the Gasiches' case, which does not deal with legislative apportionment. In addition, though it's clear that the Gasiches would like a hearing on the "political issues" set forth in the documents they've filed, those issues are not the same as the "political questions" discussed in *Baker v. Carr*. (*See, e.g.* DE 131 at 1 (declaring "I only recognize the jurisdiction of the land of the United States, more specifically Florida on whose land I currently live[.]").) Rather, such issues are more of the same cockamamie jurisdictional arguments that I have previously rejected. (*See* DE 24 ("It is entirely unsurprising, then, that the 'federal zone' argument has been rejected as frivolous, over and over again, in courts across the country.") (collecting cases).) The Gasiches are not entitled to another hearing on these meritless arguments.

## Conclusion

Accordingly, the Gasiches' motion to dismiss for lack of personal jurisdiction and

4

motion for a *Baker v. Carr* hearing, made in their Notice of Objection and Demand to Dismiss for Lack of Knowledgeable Voluntary in Personam Jurisdiction over George and Barbara Gasich (DE 145) and orally on February 9, 2016, are **DENIED**. The Gasiches' sentencing hearing will proceed as scheduled on March 25, 2016.

**SO ORDERED.**

ENTERED: March 4, 2016.

s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT
