UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Cause No. 2:14-cr-63 |
|  | ) |  |
| GEORGE GASICH and | ) |  |
| BARBARA GASICH, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **OPINION AND ORDER**

George and Barbara Gasich recently wrote the Clerk of Court requesting issuance "at the earliest possible time" of a Subpoena to Testify at a Hearing or Trial in a Criminal Case to Sarah Smulski, Special Agent, Department of the Treasury, Criminal Investigation. (DE 159 at 1–2.) The Gasiches seek to review original copies of all the documents used by the Internal Revenue Service in their criminal investigation of the Gasiches, including IRS Form 1040, IRS Form 1099OID, the cover letter, and the envelope. (*Id.*) I construed their letter as a motion for early return of subpoena and ordered the government to respond. (DE 160.) The government objects and, in the alternative, moves to quash the subpoena. (DE 168). Because the Gasiches have failed to show that they are entitled to review the documents prior to their sentencing, the motion is denied.

Federal Rule of Criminal Procedure 17(c)(1) provides that a witness may be subpoenaed to produce documents and other materials and authorizes the court to

"direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." The language of the rule suggests that it only authorizes subpoena of materials needed for trial. *See* Fed. R. Crim. P. 17 (c); *see also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) (describing the rule as one whose "chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials"). However, some courts have found that Rule 17 permits defendants to subpoena materials needed for post-trial matters and sentencing. *See, e.g.*, *United States v. Boender*, 2010 WL 1912425, at *1 (N.D. Ill. May 12, 2010); *United States v. Reid*, 2011 WL 5075661, at *2 (E.D. Mich. Oct. 26, 2011); *United States v. Bartko*, 2011 WL 2471556, at *4 (E.D.N.C. June 21, 2011); *United States v. Leaver*, 358 F.Supp.2d 273, 276 (S.D.N.Y. 2005); *see also United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010); *United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981) ("Although Rule 17 subpoenas are generally employed in advance of trial, we see no reason why their use should not be available for post-trial motions and sentencing.").

While I agree in principle, the Gasiches have failed to make any showing whatsoever that they are entitled to these materials prior to their sentencing. The standard for early return of documents under Rule 17 is as follows:

> (1) that the information is evidentiary and relevant; (2) that it is not otherwise procurable in advance through the exercise of due diligence; (3) that the party seeking production cannot properly prepare for post-trial motions or sentencing without advance inspection; and (4) that the application is made in good faith and is not simply intended as a general 'fishing expedition.'

2

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974). As the government pointed out, the Gasiches' letter does not explain why the IRS documents are evidentiary or relevant, why the Gasiches were unable to procure whatever they want during discovery or otherwise "in advance through the exercise of due diligence," or why the Gasiches need these documents in order to prepare for sentencing. Maybe most important in this case, the Gasiches have given me no indication that this request was "made in good faith and is not simply intended as a general 'fishing expedition.'" That troubles me because the government has represented that the documents the Gasiches request are "the same discovery" (perhaps with the exception of privileged documents) provided by the IRS and/or the government to the Gasiches on several prior occasions. (*See* DE 168 at 4–6.)

In summary, the Gasiches have failed to show that they are entitled to an early return of the subpoena. Because the subpoena was never issued, there is no occasion for me to rule on the government's motion to quash. Had the subpoena been issued, I would have granted the government's motion because I view the Gasiches' very broad request to be unreasonable and oppressive in light of the discovery they previously received. But as it stands, there is nothing for me to quash.

Accordingly, the Gasiches' motion for early return of subpoena is **DENIED**.

**SO ORDERED.**

ENTERED: March 18, 2016.

s/ Philip P. Simon  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT