# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:14-cr-63 |
| | ) |
| GEORGE GASICH and | ) |
| BARBARA GASICH, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

George and Barbara Gasich recently sent the Clerk of Court a letter and a Demand to Issue a Subpoena Duces Tecum to Testify at a Hearing or Trial in a Criminal Case to Sarah Smulski, Special Agent, Department of the Treasury, Criminal Investigation for original copies of all the documents used by the Internal Revenue Service in its criminal investigation of the Gasiches. (DE 191.) They have requested return of the subpoena on April 26, 2016, the hearing date for their motion to withdraw their pleas, so I will construe the demand as a motion for early return of subpoena. (*Id.*) This is the Gasiches' second such request. (*See* DE 159.) Because they have not shown that they are entitled to review the IRS documents prior to their sentencing (or trial, if they are permitted to withdraw their pleas), the motion is denied.

The standard for early return of documents under Federal Rule of Criminal Procedure 17 is:

> (1) that the information is evidentiary and relevant; (2) that it is not otherwise procurable in advance through the exercise of

> due diligence; (3) that the party seeking production cannot properly prepare for post-trial motions or sentencing without advance inspection; and (4) that the application is made in good faith and is not simply intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974). As with the previous motion for early return, the Gasiches' demand does not explain why the IRS documents are evidentiary or relevant, why they could not be procured during discovery or otherwise "in advance through the exercise of due diligence," or why the documents are needed to prepare for trial or sentencing. Further, and as noted in my order denying the first motion, the Gasiches have given me no indication that this request is "made in good faith and is not simply intended as a general 'fishing expedition,'" which is troubling in light of the government's claim that these IRS documents are "the same discovery" provided by the IRS and/or the government to the Gasiches on several prior occasions. (*See* DE 171; *see also* DE 168 at 4–6.)

Accordingly, the Gasiches' motion for early return of subpoena (DE 191) is **DENIED**.

**SO ORDERED.**

ENTERED: April 14, 2016.

s/ Philip P. Simon<br>
CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT